JOHN HUNT, PLAINTIFF IN ERROR, v. J. & M. PALAO, DEFENDANTS.

Upon the admission of Florida as a State, the records of the former Territorial Court of Appeals were directed by a law of the State to be deposited for safe keeping with the clerk of the Supreme Court of the State.

No writ of error can be issued to bring up a record thus situated, the Territorial Court being defunct, and the Supreme Court of the State not holding the records as part of its own records, nor exercising judicial power over them.

Nor could a law of the State have declared the records of a court of the United States to be a part of the records of its own State court, nor have authorized any proceedings upon them.

If the record were to be brought up under the fourteenth section of the act of 1789, it would be of no avail, because there is no court to which the mandate of this court could be transmitted.

THIS was a motion made to bring up the record in the above case, which had been decided by the Territorial Court of Appeals of Florida previously to the admission of Florida as a State.

The motion was as follows : —

"Mr. Westcott, in behalf of John Hunt, submitted to the court a certified copy of the record of the opinion of said Court of Appeals, and of said judgment in said case, and suggested to the court that said Court of Appeals was defunct by the admission of the Territory of Florida as a State, on the 4th of March last, and that all the records and papers of said Court of Appeals, and the record aforesaid in said case, had been placed, by the act of the General Assembly of the said State, in the custody and keeping of the clerk of the Supreme Court of said State, and also that said case was a case of Federal jurisdiction ; and he moved this court to allow a writ of error to remove said record and judgment into this court, with directions to the clerk of this court to direct the same to the judges of said Supreme Court of said State, and to the clerk aforesaid having the custody of said record as aforesaid, in order that said record and judgment may be certified to this court, and a return to said writ of error made by said clerk of said Supreme Court of said State."

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made for process from this court to bring here for revision the record and proceedings of the late Territorial Court of Appeals of Florida, in the case of Hunt v. The Lessee of M. & S. Palao, in which judgment was rendered in favor of the latter, at February term, 1844.

Since Florida ceased to be a Territory and became a State, a law has been passed by the State, directing the records and papers of the above-mentioned Territorial Court to be placed in the custody of the clerk of the Supreme Court of the State ; and under this law, the record in the case in question is now in his possession for safe keeping.

As Congress has made no special provision for a case of this kind, the appellate power of this court, if exercised at all, must be exercised in the manner prescribed by the general laws of Congress upon that subject.   Under the act of 1832, writs of error to the Territorial Court of Appeals were to be prosecuted according to the provisions and regulations of the twenty-fifth section of the judiciary act of 1789.   And assuming the case in question to be one subject to revision in this court, according to these acts of Congress, yet the appellate power must be exercised in the manner prescribed by these laws ; and under the act of 1789, the writ of error must be directed to the court which holds the proceedings as a part of its own records, and exercises judicial power over them. But the court which rendered the judgment in the case before us is no longer in existence; the proceedings are not in the possession of any court authorized to exercise judicial power over them, but are in the possession of an officer of another court, merely for the purpose of safe keeping.   For the law of Florida does not place these records in the custody of the State court, but in that of the clerk; nor does it subject him to the control of the court in any manner in regard to them.   And indeed if it had placed them in the custody of the court, it would not have removed the difficulty ; for the law of the State could not have made them records of that court, nor authorized any proceedings upon them.    The Territorial Court of Appeals was a court of the United States, and the control over its records, therefore, belongs to the general government, and not to the State authorities ; and it rests with Congress to declare to what tribunal these records and proceedings shall be transferred ; and how these judgments shall be carried into execution, or reviewed upon appeal or writ of error.

It has been suggested that a writ of error may issue, under the fourteenth section of the act of 1789, to the person having the actual custody of the record, upon the ground that such a writ is necessary to the exercise of the appellate powers of this court. But if the language of that section would justify such a construction, and the record and proceedings were brought here by a writ of error, either to the Supreme Court of the State or to the clerk, and the judgment of the Territorial Court found to be erroneous and reversed, still there is no tribunal to which we are authorized to send a mandate to proceed further in the case, or to carry into execution the judgment which this court may pronounce.   Certainly we could not send it to the Supreme Court of the State, for it is not their judgment or record, nor have they any power to execute the judgment given by the Territorial Court.   Neither, for the same reasons, could we send such a mandate to the District Court of the United States, unless authorized to do so by a law of Congress.   And it would be useless and vain for this court to issue a writ of error, and bring up the record, and proceed to judgment

upon it, when, as the law now stands, no means or process is authorized by which our judgment could be executed. We think, therefore, that no judgment or decree rendered by the late Territorial Court can be reviewed here by writ of error or appeal, unless some further provision on that subject shall be made by Congress. Consequently, the motion in this case must be refused.