CHENEY v. ALASKA TREADWELL GOLD MINING CO.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1906.)

No. 1,325.

1. COURTS—PROBATE JURISDICTION IN ALASKA—EFFECT OF CONSOLIDATION OF PRECINCTS.

By Act June 6, 1900, c. 786, 31 Stat. 321, the judge of each division of the District Court of Alaska is required to divide his division into precincts and authorized to alter the same and establish new precincts from time to time, as public convenience may require; also to appoint commissioners who shall be ex officio probate judges with jurisdiction within their respective precincts, and to remove such commissioners at pleasure. Pursuant to such provisions, six precincts, including Douglas Island and Juneau precincts, were established in the first division, and a commissioner appointed in each. Subsequently, an order was entered by the judge of the division abolishing Douglas Island precinct, and providing that the territory embraced therein should become a part of the Juneau precinct. It also accepted the resignation of the commissioner and directed him to "deliver the record and property pertaining to his office" to the commissioner of the Juneau precinct. *Held,* that the effect of such order was to extend the limits of Juneau precinct, to constitute the commissioner thereof the successor in office of the former commissioner of Douglas Island precinct, and to transfer to him all the pending probate cases in said precinct, with power to proceed therein; that an order thereafter made by him removing an administrator appointed by the commissioner of Douglas Island precinct and appointing a new administrator of the estate was within his jurisdiction and valid.

In Error to the District Court of the United States for the First Division of the District of Alaska.

Lorenzo S. B. Sawyer, R. W. Jennings, and Z. R. Cheney, for plaintiff in error.

Malony & Cobb and John Flournoy, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This action was brought by the plaintiff, as administrator of the estate of Ole Linge, deceased, against the Alaska Treadwell Gold Mining Company, to recover damages; the plaintiff alleging that the deceased was killed by the actionable negligence of the defendant company. In addition to a denial of the allegations of the complaint, charging it with negligence, the defendant pleaded, as an affirmative defense:

"That the plaintiff has no capacity to have and maintain this suit against it for the cause of action alleged in said complaint, for that it is not true that the plaintiff, Z. R. Cheney, is the duly appointed, qualified, and acting administra-

tor of the estate of Ole Linge at the time of bringing this action or at any other time, but in truth and in fact, long prior to the pretended appointment of the plaintiff, Z. R. Cheney, as administrator, one Emery Valentine had been duly appointed and qualified as such administrator, and was such appointed, qualified and acting administrator at the time of the pretended appointment of plaintiff herein, and that said pretended appointment of plaintiff is null and void."

The action was tried in the United States District Court, District of Alaska, Division No. 1, and resulted in a verdict for the plaintiff in the sum of $10,000. The defendant moved for a new trial upon various grounds, and also for an arrest of judgment upon the ground that it was conclusively shown by the evidence that the appointment of the plaintiff as administrator of the estate of Ole Linge, deceased, was void. The motion for a new trial was denied, and the motion in arrest of judgment was granted. Judgment was thereupon rendered dismissing the action and in favor of the defendant for costs. The plaintiff has brought the case here upon writ of error.

In order to properly understand the questions presented by the writ of error, it may be stated that, under the act of June 6, 1900, "making further provisions for a civil government for Alaska, and for other purposes" (chapter 786, 31 Stat. 321), the judge of each division of the District Court of that territory is required to divide his division into precincts; and section 1 of the Civil Code, which forms a part of the statute just referred to, further provides that, after precincts have been established, the judge may "from time to time alter the same and establish new precincts as the public convenience may require." Section 6 of chapter 1 of title 1 of the same act (31 Stat. 323) provides that:

"The respective judges of the court shall appoint, and at pleasure remove clerks and commissioners in and for the district;" and "the commissioners shall be ex officio * * * probate judges."

Section 763 of the Code of Civil Procedure (31 Stat. 452)—same act —provides that the commissioners appointed in pursuance of that act, and other laws of the United States, "have jurisdiction within their respective precincts, subject to the supervision of the district judge, in all testamentary and probate matters; that is, first, to take proof of wills; second, to grant and revoke letters testamentary, of administration, and of guardianship"; and also to perform other acts in relation to probate matters, which are not material to the question under consideration, and therefore need not be stated.

On July 14, 1900, the judge of Division No. 1 of the District Court, by an order entered in the journal of the court, established six precincts, the precincts of Juneau and Douglas Island being among the number, and H. H. Folsom was appointed commissioner for the precinct of Juneau, and G. M. Irwin commissioner for the precinct of Douglas Island. On August 5, 1903, the deceased, Ole Linge, was killed at the Treadwell Mine, owned and operated by defendant, and situated in the territory of what was then Douglas Island precinct; and, on the 24th of the same month, G. M. Irwin, commissioner of Douglas Island precinct, made an order appointing one Emery Valentine as administrator of the estate of said deceased, Ole Linge, and Valentine duly qualified as such administrator. On the next day the judge of the District

Court, Division No. 1, caused to be entered in the journal of his court an order abolishing the Douglas Island precinct, and providing that "the territory within the boundaries of said precinct, as heretofore designated, shall become a part of the Juneau commissioner's precinct"; and it was further ordered that the resignation of George M. Irwin be accepted, and that he "deliver the records and property pertaining to his office to H. H. Folsom, United States commissioner and ex officio recorder of the Juneau recording district." On June 23, 1905, the father and mother of the deceased filed a petition with said Folsom, the commissioner of the Juneau precinct, asking for the removal of Valentine, and for the appointment of some other person as administrator of the estate of the deceased. Valentine appeared in response to the citation issued thereon, and, upon consideration of the evidence offered upon the hearing of the matters alleged in the petition for removal, the commissioner, Folsom, made an order on March 4, 1905, removing Valentine from his office as administrator of the estate of said deceased, and directed that he file his account as such administrator on a day named. On March 11, 1905, the plaintiff in error filed in the probate court of said commissioner's precinct of Juneau his petition asking to be appointed administrator de bonis non of the estate of said deceased, and on the same day he was so appointed by the court. On March 14, 1905, Valentine filed exceptions to the order removing him, and also appealed from such order to the District Court. This appeal was pending at the date of the trial of this action.

We are clearly of opinion that, upon the facts as we have stated them, the plaintiff in error was duly appointed as administrator of the estate of Ole Linge, deceased, and is therefore entitled to maintain this action.

The defendant in error insists that such appointment was void because the probate court of Juneau precinct had no jurisdiction over the case, or proceeding, pending before the commissioner for Douglas Island precinct, at the date of such order in the matter of the estate of Ole Linge, deceased. It is not disputed that by the consolidation of the Douglas Island and Juneau precincts the commissioner for Juneau precinct succeeded to probate jurisdiction over all matters in probate subsequently arising in the territory formerly embraced in Douglas Island precinct, but the contention of the defendant in error upon this point is that the order of the District Court consolidating these precincts did not have the effect of removing the proceeding in the matter of the estate of Ole Linge then pending before the probate court of Douglas Island precinct to the probate court of Juneau precinct—that the direction contained in such order "that the said George M. Irwin deliver the records and property pertaining to his office to H. H. Folsom, United States commissioner and ex officio recorder of the Juneau recording district," was not sufficient for this purpose. It is claimed that support of this contention is found in Hunt v. Paloa, 4 How. 589, 11 L. Ed. 1115. That was a motion in the Supreme Court for process to bring before that court the record of a case decided by the Territorial Court of Appeals of Florida, prior to the admission of Florida as a state. This Territorial Court ceased to exist upon the admission of

Florida as a state, and Congress had mitted to enact any law providing how the judgments rendered by that court might thereafter be reviewed. It was argued in support of the motion in that case that, as the state of Florida had passed a law directing that the records of the Territorial Court should be placed in the custody of the clerk of the Supreme Court of the state, the writ of error might be directed to that court. The motion was denied. The court, in the course of its opinion, said:

"The court which rendered the judgment in the case before us is no longer in existence. The proceedings are not in the possession of any court authorized to exercise judicial power over them, but are in the possession of the officer of another court merely for the purpose of safe-keeping."

The court then added that, if the law of Florida had placed the records under the control of the state court, "it would not have removed the difficulty, for the law of the state could not have made them records of that court nor authorized any proceedings upon them. The Territorial Court of Appeals was a court of the United States, and the control of these records therefore belongs to the general government, and not the state authorities, and it rests with Congress to declare to what tribunal these proceedings shall be transferred, and how these judgments shall be carried into execution or reviewed upon appeal or writ of error."

Manifestly, the question decided by the court in the case just cited is not applicable to the case we are now considering. The order of the District Court consolidating the precincts of Douglas Island and Juneau was authorized by the statute making provision for a civil government, and for other purposes. Chapter 386, 31 Stat. 321. The order extended the limits of Juneau precinct, and in legal effect constituted Commissioner Folsom the successor in office of Commissioner Irwin, and, if any order was necessary to transfer cases theretofore pending before the commissioner of Douglas Island precinct to the probate court of Juneau precinct, as enlarged, the order was sufficient for that purpose.

Judgment reversed, with directions to the District Court to enter judgment in favor of the plaintiff in error for the amount named in the verdict, with legal interest from the date of the rendition of the verdict.