### PEL-ATA-YAKOT v. UNITED STATES et al.

(Circuit Court, D. Idaho, N. D. January 12, 1911.)

INDIANS (§ 13*)—INDIAN LANDS—HEIRSHIP—DETERMINATION—JURISDICTION—
STATUTES—REPEAL.

Act June 25, 1910, c. 431, 36 Stat. 855, conferring on the Secretary of the Interior exclusive jurisdiction to determine heirship of Indian allottees, repealed Act Feb. 6, 1901, c. 217, 31 Stat. 760, amending Act Aug.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

15, 1894, c. 290, 28 Stat. 286, in so far as the same might be construed to confer such jurisdiction on federal courts.

[Ed. Note.—For other cases, see Indians, Dec. Dig. § 13.*]

Action by Jane Pel-ata-yakot against the United States and Mary Types. On demurrer to bill. Sustained.

Clay McNamee and James L. Harn, for complainant.
C. H. Lingenfelter, U. S. Atty., for defendants.

DIETRICH, District Judge. From the bill it appears that the complainant is a Nez Perce Indian woman, and was the wife of one Benjamin Types, a Nez Perce Indian, at the time of his death, which occurred on February 7, 1899. It further appears that, pursuant to treaty stipulations, and under authority of certain acts of Congress ratifying the same, certain lands embraced in what is known as the Nez Perce Indian reservation, in Nez Perce county, Idaho, were allotted to Benjamin Types in 1893; the title, however, being held by the United States in trust for 20 years, subject to the provisions of the treaty and the general allotment act Feb. 8, 1887, c. 119, 24 Stat. 388. The complainant avers that after the death of Benjamin Types the several superintendents of the Nez Perce Indian agency, at Lapwai, Idaho, recognized her and one James Types, the son of the deceased by a former wife, as the sole heirs of the deceased, but that since the month of October, 1909, the superintendents have wrongfully and unlawfully refused longer to recognize her as one of the heirs, and have declined to pay over to her any share of the rents and profits arising from the lands embraced in the allotment; but, upon the other hand, they have recognized the defendant Mary Types as an heir, paying over to her the share of the rents which rightfully belongs to the plaintiff, and that the defendant Mary Types has been unlawfully in possession of the allotment since October, 1909. The complainant prays for a decree declaring that she and James Types are the only lawful heirs of the deceased Benjamin Types, and requiring the defendant Mary Types to account for the rents, issues, and profits wrongfully received from the agents of the government. The bill was filed June 16, 1910. The case is submitted upon an amended demurrer interposed by the defendants, by which the question of jurisdiction is raised.

The suit, like several others of a similar nature heretofore brought in this court, was doubtless instituted under the provisions of Act Feb. 6, 1901, c. 217, 31 Stat. 760, amending Act Aug. 15, 1894, c. 290, 28 Stat. 286. I have never been fully satisfied that by these acts Congress intended to confer upon the courts jurisdiction to determine controversies involving the question of heirship to allotted lands; but the objection has never been raised and in a number of cases jurisdiction has been exercised. McKay v. Kalyton, 204 U. S. 458, 27 Sup. Ct. 346, 51 L. Ed. 566. For the present purposes it may be assumed that under the provisions of these acts the court had jurisdiction to entertain this suit at the time it was commenced; but, by an Act of Congress approved June 25, 1910 (36 Stat. 855, c. 431), it is declared:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive. If the Secretary of the Interior decides the heir or heirs of such decedent competent to manage their own affairs, he shall issue to such heir or heirs a patent in fee for the allotment of such decedent; if he shall decide one or more of the heirs to be incompetent he may, in his discretion, cause such lands to be sold: Provided, that if the Secretary of the Interior shall find that the lands of the decedent are capable of partition to the advantage of the heirs, he may cause the shares of such as are competent, upon their petition, to be set aside and patents in fee to be issued to them therefor."

The provision is comprehensive, and clearly evinces the intention of Congress to confer exclusive jurisdiction to decide such controversies upon the Secretary of the Interior. That being true, it must be held that by implication the existing act conferring jurisdiction upon the courts was repealed. United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153. The repeal thus effected being without any reservation as to pending cases, the present case, althought commenced prior to the passage of the repealing act, must fall with the act upon which it rested. Railroad Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231. Precisely the same question was involved in Bond v. United States (C. C.) 181 Fed. 613, and with the conclusion there reached I am in accord.

The demurrer will be sustained, and the bill dismissed **for want of** jurisdiction.