PARR et al. v. COLFAX.

(Circuit Court of Appeals, Ninth Circuit. July 15, 1912.)

No. 1,937.

INDIANS (§ 18*)—LANDS—DESCENT—DETERMINATION—APPEAL.

In a suit to determine heirship to an unpatented Indian allotment in the Umatilla reservation, the court decided that the equitable title to the land was in the Indian's widow. Eleven days after an appeal taken Act Cong. June 25, 1910, c. 431, 36 Stat. 855, was passed, providing that when an Indian allottee dies before expiration of the trust period and before the issuance of a patent, without a will disposing of the allotment, the Secretary of the Interior, on notice and hearing, shall ascertain the legal heirs of such decedent, and his decision shall be conclusive. *Held,* that such act deprived the Circuit Court of Appeals of jurisdiction to entertain an appeal from a decree sued out after the statute went into effect, since it deprived the court of jurisdiction to enforce any judgment it might render on such appeal.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 49; Dec. Dig. § 18.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Suit by Maggie Ellen Parr and others against Louise Colfax. Judgment for defendant, and plaintiffs appeal. Dismissed.

Lowell & Winter, of Pendleton. Or., for appellants.

R. J. Slater, of Pendleton, Or., for appellee.

John McCourt, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILBERT, Circuit Judge. Isaac Gober, an Indian of mixed blood, was allotted 80 acres of the land of the Umatilla Indian reservation, and his allotment was approved by the Commissioner of Indian Affairs on April 12, 1893. The allotment was made under the act of Congress, approved March 3, 1885 (chapter 319, 23 Stats. 340). In the year 1895, while Gober was residing upon the Umatilla reservation, he was married after the Indian custom to Louise Colfax, the appellee herein, the said parties to the marriage then and there agreeing with each other, under the laws and customs of the tribes of Indians located and residing upon the reservation, to live and cohabit together as husband and wife. Two children were born of the marriage. One of them died prior to the death of Isaac Gober, which occurred on or about November 24, 1899. The other was born shortly after his death, and died in infancy. The controversy presented in the court below upon the bill of the appellants and the cross-bill of the appellee concerned the title to the 80 acres so allotted to Isaac Gober, the appellee claiming to own the same as the heir of the youngest child of herself and Isaac Gober, the appellants, who were the children of Gober's sister, claiming to own the same as the heirs of Gober's estate, their contention being that by the allotment to Gober under the act of March 3, 1885, he became a citizen of the United States and of the state of Oregon, and amenable to all the laws of said state, and that the marriage to the appellee was invalid under those laws, not having been performed according to the formalities therein prescribed, citing Holmes v. Holmes, 1 Sawy. 99, Fed. Cas. No. 6,638. The United States was made a party to both bills. The court held that the marriage of Isaac Gober to Louise Colfax was valid; that Louise Colfax was the owner of the equitable title in fee of the land described, the legal title to which the United States holds as trustee for her under the act of Congress of March 3, 1885; and that the appellants have no interest in said land or the rents or profits thereof.

The decree was rendered on June 14, 1910, the court having assumed jurisdiction under Act Feb. 6, 1901, c. 217, 31 Stats. 760. Eleven days after the date of the decree, the act of June 25, 1910, was approved. That act (36 Stats. 855) provides as follows:

"That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period, and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive. If the Secretary of the Interior decides the heir or heirs of such decedent competent to manage their own affairs, he shall issue to such heir or heirs a patent in fee for the allotment of such decedent; if he shall decide one or more of the heirs to be incompetent, he may, in his discretion, cause such lands to be sold: Provided, that if the Secretary of the Interior shall find that the lands of the decedent are capable of partition to the advantage of the heirs, he may cause the shares of such as are competent, upon their petition, to be set aside and patents in fee to be issued to them therefor."

The question arises, What is the effect of that statute upon the appeal in this case? The contention is made that it has no application to a case which was begun before the date of the statute. But we do not think so. There is in the statute no clause reserving jurisdiction as to pending cases, and the meaning of the statute is clear that exclusive jurisdiction is given to the Secretary of the Interior of all cases where an Indian, to whom allotment of land had been made or might thereafter be made dies or had died intestate before the expiration of the trust period and before the issuance of the fee-simple patent. That construction being given, the statute deprived the Circuit Court of jurisdiction to entertain an action such as is here under consideration, and thereby, as a necessary incident, it took away the jurisdiction of this court to entertain an appeal from the decree of the Circuit Court, sued out after the statute went into effect, and this for the reason that the act deprives this court of the power to enforce any judgment it may render on an appeal. We so construed a similar statute in United States v. Kelly, 97 Fed. 460, 38 C. C. A. 275, where we held that the Circuit Court of Appeals had no power to review the judgment of a Circuit Court in a matter of which the latter had been divested of its judisdiction, and we said:

"This court could act upon the Circuit Court only through its mandate. It will not issue the mandate to a court which has not power to enforce it." Hunt v. Palao, 4. How. 589, 11 L. Ed. 1115; McNulty v. Batty, 10 How. 72, 13 L. Ed. 333; United States v. McCrory, 91 Fed. 295, 33 C. C. A. 515; Railroad Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Assessor v. Osborne, 9 Wall. 567, 19 L. Ed. 748; Bond v. United States (C. C.) 181 Fed. 613; Pel-Ata-Yakot v. United States (C. C.) 188 Fed. 387.

The appeal is dismissed.