CASWELL v. COPPER RIVER & N. W. RY. et al.

(Third Division.  Valdez.  October 16, 1913.)

No. C—70.

1. PLEADING (§ 8*)—CONCLUSIONS—APPOINTMENT OF OFFICERS.

The general rule is that an allegation in a pleading alleging that the party was "duly appointed" to a certain office would imply that everything has been done which was necessary to a legal appointment, and that it is not necessary to state

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

other facts, such as by whom he was appointed. Upon such allegation an issue can be raised by specific denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

2. EXECUTORS AND ADMINISTRATORS (§ 51*)—ACTIONS FOR DEATH—ASSETS.

An administrator may maintain a suit for damages for the death of one who is killed by negligence of another, notwithstanding the deceased left neither next of kin, creditors, nor other estate. The right of action is given by the statute to the administrator in his representative capacity, and is in the nature of an asset.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 51;* Death, Cent. Dig. §§ 132–138.*]

This is an action brought by the plaintiff, as administrator of the estate of Antonio Sabate, deceased, against the defendants, to recover damages for the death of the plaintiff's intestate, alleged in the complaint to have been caused by the negligence of the defendants.

E. E. Ritchie, of Valdez, for plaintiff.
R. J. Boryer, of Cordova, for defendants.

BROWN, District Judge. The complaint in paragraph 1 alleges that the plaintiff "is the duly appointed, qualified, and acting administrator of the estate of Antonio Sabate, deceased."

Defendants file a motion to make the complaint more definite and certain in that the complaint be required to state:

"First, at what time and in what precinct the plaintiff was appointed administrator of the estate of Antonio Sabate, and to state what, if any, relationship existed between the administrator, W. H. Caswell, and Antonio Sabate, and to further state if the plaintiff, W. H. Caswell, is a creditor of the estate of Antonio Sabate, and, if neither creditor nor next of kin, that the said W. H. Caswell be required to state from what relatives or next of kin of the deceased, Antonio Sabate, he received authority to apply for letters of administration, and, if said authority is in writing, to furnish this defendant a copy of same, and to further state if letters of administration have been taken out in any other precinct or at any other place."

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The general rule is that an allegation in the complaint, alleging that the plaintiff was "duly appointed" to a certain office, would imply that everything had been done which was necessary to a legal appointment, and that it is not necessary to state other facts, such as by whom he was appointed. Lethbridge v. City of New York, 15 N. Y. Supp. 562; Commonwealth v. Chase, 127 Mass. 7; Rockwell v. Merwin, 45 N. Y. 166.

In the case of Cheney v. Alaska-Treadwell Gold Mng. Co., 148 Fed. 808, 78 C. C. A. 498, a case where the plaintiff brought a suit against the defendant similar to this action, as administrator, the defendant pleaded as an affirmative defense "that the plaintiff has no capacity to have and maintain this suit, for that it is not true that the plaintiff was the duly appointed, qualified, and acting administrator," etc.

In this case the defendants have access to the records of the probate court, wherein it is alleged that the deceased died and was working at the time of his death, and, if the plaintiff has not legal capacity to sue, they can set that up as an affirmative defense.

As to the further contention of defendants that the complaint be required to state whether the plaintiff, W. H. Caswell, is a creditor of the estate of Antonio Sabate, and, if neither creditor nor next of kin, that he be required to state from what relatives or next of kin of the deceased he received authority to apply for letters of administration, section 1606 of the Compiled Laws of Alaska provide that letters of administration may be issued, first to the widow, or next of kin, or both, in the discretion of the court; second to one or more of the principal creditors; or, third, to any other person competent and qualified whom the court may select.

It therefore appears that the plaintiff may have been appointed without reference to his being either a kin or a creditor or acting by authority of any kin or relative of the deceased.

As to the grounds in the second paragraph of defendants' motion to make more definite and certain, as to whether or not the deceased was an inhabitant of the district of Alaska at the time of his death, and of what precinct of Alaska the said

deceased was an inhabitant, the complaint alleges that the deceased was working for the defendant corporations and was injured and died almost instantly at or near the town of Chitina, on the line of defendant's railroad.

There is every presumption of regularity both as to the appointment of the plaintiff as administrator and as to the jurisdictional facts upon which said appointment was based.

As to the grounds set up in the third paragraph of defendants' motion to make more definite and certain, in that the plaintiff be required to state the number of remittances made by deceased to his mother, and what amounts were so remitted, and in what way or manner the said mother was largely dependent on deceased for support, it would seem that the allegations of the complaint with respect to such matters are immaterial, in view of the decision of the Circuit Court of Appeals for the Ninth Circuit in the case of Jennings v. Alaska-Treadwell Gold Mng. Co., 170 Fed. 146, 95 C. C. A. 388, in which the court quotes with approval the following language from the case of Perham v. Portland Electric Co., 33 Or. 451, 53 Pac. 14, 24, 40 L. R. A. 799, 72 Am. St. Rep. 730, as follows:

"It follows, therefore, that, so far as the right to maintain the action is concerned, it is immaterial whether the deceased left surviving him any relatives or creditors whatever. The right of action is given by the statute to the administrator or executor in his representative capacity, and is in the nature of an asset of the estate. The heirs, creditors, or distributees have no interest in the recovery on account of any right of action for the pecuniary injury sustained by them, but only by virtue of being creditors, or of kinship; and if the expense of the administration and debts of the deceased equal or exceed the assets, including the amount of the recovery, the next of kin would receive no benefit whatever from the right of action."

The Circuit Court of Appeals then says:

"It is true that the two statutes are not identical as a whole, but the change in the Alaska Code from the Oregon Code makes more definite and certain the purpose of Congress to adopt the construction of the Supreme Court of Oregon for estates where the decedent left no husband, wife, or children. In such case the amount recovered should be administered as other personal property of the deceased person, as provided in the Oregon statute; that is to say,

the amount received should be for the benefit of the estate, and the damage to the estate would therefore be the value of the life to the estate, measured by the earning capacity, thriftiness, and probable length of the life of the deceased."

It follows, from the authorities cited and the reasons above set forth, that the motion of the defendants to make more definite and certain should be, and the same hereby is, overruled, and the defendants are given 10 days to plead to the complaint.