YA–KOOT–SA et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920. Rehearing Denied February 9, 1920.)

No. 3387.

1. INDIANS ☞13—DECREE REGARDING ALLOTMENTS NOT CONCLUSIVE ON HEIRS NOT PARTIES TO PROCEEDING.

A decree under Act Feb. 6, 1901 (Comp. St. §§ 4214, 4215), providing that suits to determine title of Indian allotted lands shall be defended by the United States, etc., is not binding on Indian heirs, who were not parties to and had no knowledge of the proceeding, and whose interest was unknown to the district attorney defending the action.

2. COURTS ☞52—FEDERAL COURT HAS JURISDICTION TO SET ASIDE PREVIOUS DECREE REGARDING INDIAN ALLOTTED LANDS.

Act June 25, 1910, withdrawing from federal courts the jurisdiction to determine claims to Indian allotted lands, and conferring exclusive jurisdiction thereover on the Secretary of the Interior, does not preclude a federal court from setting aside a decree entered March 10, 1910, as a cloud on the title which the Secretary of Interior had, in the meantime, determined.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by the United States against Ya-koot-sa and another. Decree for the United States, and defendants appeal. Affirmed.

In July, 1907, Ya-koot-sa and A-lip-ma, Indian women, filed their bill of complaint in the court below against the United States, as trustee, seeking a decree that they be adjudged to be the only heirs of Ta-ma-was, a deceased Walla Walla Indian, who was allottee No. 130, containing 80 acres, on the Umatilla Indian reservation, and that as such heirs they be adjudged to be the owners of said allotment. The bill alleged that Ta-ma-was died July 5, 1901, leaving surviving her an infant daughter named Am-nap-um, and no other lineal descendant, which said daughter in 1903 died without issue, and that the complainants were the only sisters of said Ta-ma-was. The United States attorney, appearing for the United States, answered, denying the allegations of the bill. No testimony was taken, and on March 10, 1910, a decree was entered with the consent of the district attorney adjudging the complainants in that suit to be the only heirs at law of Ta-ma-was, and entitled to the possession of said allotment of land.

On June 10, 1918, the United States filed its bill of complaint, setting out the proceedings in the suit just described, and alleging that James Peters, an Indian ward of the United States, was the rightful owner of said allotment, and that said James Peters did not appear in those proceedings for the reason that he had no notice thereof; that the United States attorney had no authority to confess said judgment as against him; that said James Peters was the son of Pete Eahtean, who after his birth married Ta-ma-was; that two daughters were the issue of said marriage, the first of whom died before the birth of the second; that the second daughter was named Emma Eahtean; that Ta-ma-was died in 1905; that thereafter Emma Eahtean died, without issue, leaving her father, Pete Eahtean, her sole heir, who thereafter died, leaving as his sole surviving heir his son, said James Peters, who is the rightful owner of said allotment. The bill made Ya-koot-sa and A-lip-ma parties defendant, and prayed that they be required to set forth the nature of their claim to the land, and that the decree so entered on March 10, 1910, be set aside, and that James Peters be declared to be the owner of said Indian allotment. The court below by its decree set aside the decree of March 10, 1910, holding that it was void and of no effect as to James Peters. The court

did not consider the question of heirship, holding that it was without jurisdiction to pass thereon in view of Act June 25, 1910, 36 Stat. 855.

Soon after the original decree of March 10, 1910, was entered, the Secretary of the Interior, under the authority given him by the said Act June 25, 1910, heard and determined the question of the right of the respective claimants of the allotment in question, and decided that James Peters was heir to the estate, that the former decree was not binding upon James, because he was not a party thereto, and awarded to him the property, and issued a trust patent to him, and subsequently a patent in fee. In 1915 the superintendent of the Umatilla Indian reservation sold the allotment under the authority of and with the approval of the Secretary of the Interior, for the sum of $8,290. Ya-koot-sa and A-lip-ma, notwithstanding the decision of the Secretary of the Interior, and the sale, continued to assert title to the land, and brought suits setting up their claim thereto, for which reason the United States, in the name of Peters as guardian and trustee, brought the present suit to set aside and vacate the former decree as a cloud upon the title. From that decree the present appeal is taken.

J. W. Brooks, of Walla Walla, Wash., for appellants.

Bert E. Haney, U. S. Atty., and Barnett H. Goldstein, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellants contend that the decree of the court below of March 10, 1910, was a final adjudication of the title to the property in controversy, and was binding upon all persons, irrespective of whether they appeared in that proceeding or not, and that such is the effect of the acts of Congress of October 15, 1894 (28 Stat. 305), and February 6, 1901 (31 Stat. 760), being Comp. St. §§ 4214, 4215, authorizing such proceedings to be brought against the United States. The appellee, on the other hand, contends that James Peters, not having appeared in the court in that proceeding was not bound by the decree. Unquestionably the decree therein is not binding as to James Peters, unless by the provisions of Act Feb. 6, 1901, 31 Stat. 760, the United States as party to that suit is to be held to have represented the interests of all unknown and unnamed heirs. We do not think that such is the meaning of the statute. It provides that all persons who are or claim to be entitled to an allotment—

"may commence and prosecute or defend any action, suit or proceeding in relation to their right thereto in the proper Circuit Court of the United States."

It is true that the act further provides that in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant, and that the judgment or decree in favor of any claimant to an allotment shall have the same effect when properly certified to the Secretary of the Interior as if such allotment had been allowed and approved by him. But it makes it the duty of the district attorney to appear and represent "the interests of the government in the suit." Taking the whole statute together, with its provision that any person claiming an allotment may "defend" any action or suit in relation thereto, and the provision making it the duty of the district attorney to defend only "the interests of the government in the suit," we think it

is not to be inferred that the intention of the statute was to adjudicate in such a proceeding the interest of a claimant who was not advised of the proceeding and whose claim was unknown to the District Attorney. Such seems to have been the view of the courts in United States v. Fairbanks, 171 Fed. 337, 96 C. C. A. 229, and Oakes v. United States, 172 Fed. 305, 97 C. C. A. 139.

[2] Nor was the court below without jurisdiction to make the decree which is here appealed from. Act June 25, 1910, 36 Stat. 855, withdrew the jurisdiction which Congress had given to the federal courts to determine claims to allotments and questions of heirship and descent as affecting allotted lands during the trust period, and conferred exclusive jurisdiction thereover upon the Secretary of the Interior. Hallowell v. Commons, 239 U. S. 506, 36 Sup. Ct. 202, 60 L. Ed. 409; Parr v. Colfax, 197 Fed. 302, 117 C. C. A. 48. The power of the courts to deal with those questions was thus abruptly terminated. But that does not meet the question here involved. The suit here is not brought to adjudicate the title of an heir to allotted land. It is brought solely to set aside a former decree, which stands as a cloud upon a title which has been finally determined by the Secretary of the Interior. The transfer of jurisdiction to the Secretary of the Interior had not the effect to deprive the court below of jurisdiction to set aside its former erroneous decree. In so doing, and in entering the decree which is here appealed from, the court below was not exercising jurisdiction which had been conferred upon the Secretary of the Interior. It was simply setting aside its own decree, which stood as a cloud upon title, and had given rise to adverse claims on the part of the appellants herein, who had harassed the owner of the allotment with several suits. We find it unnecessary to consider the question whether or not the decree of March 10, 1910, was void, for the reason that the act of 1901 gave the courts jurisdiction only of controversies which involved claims to allotments, and was not sufficiently broad in scope to include claims of heirs to an allotment which had already been made. In either view the court below had jurisdiction to declare void its former decree.

The decree is affirmed.