### UNITED STATES v. McCRORY.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1899.)

#### No. 701.

1. LETTER CARRIERS—SUIT AGAINST UNITED STATES—JURISDICTION.

Letter carriers in the postal service are officers of the United States, within the meaning of the amendment (30 Stat. 495) to section 2 of the judiciary act of 1887, taking away from circuit and district courts jurisdiction of suits against the United States by such officers to recover fees or compensation.

2. REVIEW ON ERROR—EFFECT OF AMENDMENT OF STATUTE — ABATEMENT OF WRIT.

An amendment of the statute taking away the jurisdiction of the circuit or district court over a case after judgment therein, and while a writ of error for its review is pending in the circuit court of appeals, deprives the latter court of the means of making its judgment effective by means of a mandate to the court below, and the writ of error will be abated.

In Error to the District Court of the United States for the Northern District of Alabama.

With this case were argued 18 other cases of same character.

J. Ward Gurley, for the United States.

J. L. Tanner and J. E. Zunts, for defendant in error.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PARDEE, Circuit Judge. This is a suit brought in the district court for the Northern district of Alabama, by the defendant in error, James T. McCrory, to recover compensation from the United States for services rendered as a letter carrier for time actually employed over and above eight hours per day. On the trial there was judgment against the United States for the sum of $253.21, the full amount claimed, and the United States sued out this writ of error. Subsequent to the rendition of the judgment and to the suing out of the writ of error, the following statute, restrictive of the jurisdiction of the circuit and district courts in suits against the United States, was passed:

"Sec. 2. That section two of the act aforesaid, approved March third, eighteen hundred and eighty-seven, be, and the same is hereby, amended

by adding thereto at the end thereof the following: 'The jurisdiction hereby conferred upon the said circuit and district courts shall not extend to cases brought to recover fees, salary or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof.'" 30 Stat. 495.

This statute having been brought to our attention, two questions are presented: (1) Does the act quoted take away the jurisdiction of the circuit and district courts in a suit brought by a letter carrier against the United States to recover compensation for services rendered? (2) What is the effect of the act in this court quoad the writ of error in this case?

It is argued that letter carriers are not officers of the United States, within the meaning of the statute in question, but are mere employés, not intended to be included in the statute. Letter carriers are appointed by the postmaster general under authority of the acts of congress, practically during good behavior. They are sworn and give bond for the faithful performance of their duties. They are paid from moneys appropriated for the purpose by congress, and their salaries are fixed by law. They have regularly prescribed services to perform, and their duties are continuing and permanent, not occasional or temporary. In U. S. v. Hartwell, 6 Wall. 385, 393, the supreme court declared that "an 'office' is a public station or employment conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties." In U. S. v. Germaine, 99 U. S. 508; Hall v. Wisconsin, 103 U. S. 5, 8; U. S. v. Perkins, 116 U. S. 483, 6 Sup. Ct. 449; U. S. v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505; U. S. v. Smith, 124 U. S. 525, 8 Sup. Ct. 595; and in Auffmordt v. Hedden, 137 U. S. 310, 11 Sup. Ct. 103;—U. S. v. Hartwell, supra, is cited with approval. An examination of these cases, all bearing on the question in hand, will show that, in the opinion of the supreme court, where a person is appointed under authority of law by the head of a department, and his duties are continuing and permanent, and his emolument fixed, such person is an officer of the United States; and that, within the constitutional meaning of the term. Letter carriers, therefore, are officers, within the meaning of the above-quoted statute, restricting the jurisdiction of the circuit and district courts in regard to suits brought against the United States under the act of 1887.

The jurisdiction of the district court to entertain the present suit having been taken away by the statute, what is the effect upon this court in respect to the present writ of error? The statute does not in terms or directly take away the jurisdiction of this court to review, and affirm, modify, or reverse, the final decision of the district court; but indirectly the statute deprives us of the power to enforce any judgment we may render. Whatever may be our decision, it can only be enforced by a mandate to the district court, which court will be without jurisdiction to enforce it. That court may well, under the decision of the supreme court in Re Hall, 167 U. S. 38, 17 Sup. Ct. 723; refuse to enter the same, and in that case this court would be powerless to grant a remedy. The practice of the supreme court under similar circumstances has been to abate the writ of error, and make no entry in regard to the further disposition of the case. McNulty v.

Batty, 10 How. 72; Preston v. Bracken, Id. 81. See, also, Hunt v. Palao, 4 How. 589. The practice of the supreme court is sufficient warrant. The writ of error herein is abated. No mandate will issue, but the clerk, at the request of either party, may certify the judgment of the court.