## STRONG v. UNITED STATES.

(Circuit Court, D. Connecticut. April 5, 1899.)

No. 897.

COURTS—ACT DECREASING JURISDICTION—EFFECT ON PENDING CASES.

Act June 27, 1898, repealing so much of Act March 3, 1887, § 2, as conferred on the district court concurrent jurisdiction with the court of claims of actions by United States officers for compensation, and providing that no person shall recover in the court of claims for such compensation who has not complied with Act July 31, 1894, requiring monthly and quarterly accounts of officers to be sent to the proper authority at Washington within 10 and 20 days, respectively, after the expiration of the period to which they relate, does not, though containing no saving clause as to pending suits, apply to such suits.

Lewis E. Stanton, for plaintiff.
Charles W. Comstock, for the United States.

TOWNSEND, District Judge. Motion to dismiss. On August 18, 1890, the plaintiff was appointed a marshal of the United States for the district of Connecticut, which office he held until August 28, 1894. On September 3, 1896, he brought suit against the government of the United States in this court by virtue of the provisions of section 2 of the act of March 3, 1887, which suit is still pending. The provisions of said section are as follows:

"Sec. 2. That the district court of the United States shall have concurrent jurisdiction with the court of claims as to all matters named in the preceding section where the amount of the claim does not exceed one thousand dollars, and the circuit court of the United States shall have such concurrent jurisdiction in all cases where the amount of such claims exceeds one thousand dollars and does not exceed ten thousand dollars. All causes brought and tried under the provisions of this act shall be tried by the court without a jury."

On June 27, 1898 (30 Stat. 494, c. 503), said section was amended by adding thereto, at the end thereof, the following:

"The jurisdiction hereby conferred upon the said circuit and district courts shall not extend to cases brought to recover fees, salary or compensation for official services of officers of the United States or brought for such purposes by persons claiming as such officers or as assignees or legal representatives thereof."

Counsel for the United States moves to dismiss this action on the ground that by said amendment so much of said statute as conferred concurrent jurisdiction in such cases with the court of claims was repealed, and contends that the language, "cases brought to recover fees," etc., covers pending cases. Counsel for the plaintiff contends that the jurisdiction of this court in cases pending before it is not affected by said amendment, because said amendment does not operate as a repeal as to pending suits, and that the amendment is to be interpreted as though the language was, "to cases hereafter brought," etc.

This question has not been, so far as I know, judicially determined. As counsel has said, it is a question of great importance. Cases like the one under consideration are now pending in the various district and circuit courts of the United States, brought therein by officers of

93 F.—17

the United States on the faith of the remedial statute of 1887, providing for concurrent jurisdiction with the court of claims. A considerable portion of such claims would now be barred by the statute of limitations in said act of 1887, which provides that suits thereon must be brought within six years after the right accrued. If, therefore, the construction contended for by the attorney for the United States be adopted, this statute, manifestly intended as a remedial one, in order to permit persons having against the United States lawful claims, not more than six years old, to prosecute them in the federal courts within their own states, instead of at Washington, becomes, by reason of this amendment, most oppressive.

Counsel are at issue as to whether or not the amendment under consideration operates as a repeal of the law which confers jurisdiction on this court. It is, of course, conceded that, if said law had been wholly repealed, this court would have no jurisdiction, and the suit would be dismissed. It is true, as contended by counsel for plaintiff, that, strictly speaking, the law, as a whole, is not repealed; for a large share of the concurrent jurisdiction of this court is not affected by the amendment. But it does not necessarily follow, as contended by him, that "the amendment repeals nothing which relates to any past transaction or pending suits." In Insurance Co. v. Ritchie, 5 Wall. 541, a suit was brought by virtue of an act passed in 1864, providing that the provisions of an act of 1833 should extend to certain classes of cases. While said suit was pending, the act of 1864 was repealed by an act which further provided that the act of 1833 should not be so construed as to apply to said cases covered by the act of 1864. The supreme court said:

"This is equivalent to a repeal of an act giving jurisdiction of a pending suit. It is an express prohibition of the exercise of the jurisdiction conferred by the act of 1833. * * * It is clear that, when the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction; and it is equally clear that, where a jurisdiction conferred by statute is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction."

See, also, Norris v. Crocker, 13 How. 429.

In the case at bar it seems clear that the amendment which provides that the concurrent jurisdiction of the circuit court shall not extend to cases brought to recover salaries is so far a repeal of the statute conferring such jurisdiction. The question then arises whether the term "brought" can be so construed as to mean "hereafter brought." In consideration of this question, it is proper to refer to the first section of the amendment, which amends the first section of the act of 1887. The first section of said act provides as follows:

"That the court of claims shall have jurisdiction to hear and determine * * * all claims founded upon the constitution of the United States or any law of congress, except for pensions, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable."

The amendment of 1898 provides:

"That no suit against the government of the United States, brought by any officer of the United States to recover fees for services alleged to have been performed for the United States, shall be allowed under this act unless an account for said fees shall have been rendered and finally acted upon according to the provisions of the act of July thirty-first, eighteen hundred and ninety-four, chapter one hundred and seventy-four, twenty-eighth Statutes at Large, page one hundred and sixty-two. * * *"

Said act of July 31, 1894, provides as follows:

"Sec. 12. All monthly accounts shall be mailed or otherwise sent to the proper officer at Washington within ten days after the end of the month to which they relate, and quarterly and other accounts within twenty days after the period to which they relate, and shall be transmitted to and received by the auditors within twenty days of their actual receipt at the proper office in Washington in the case of monthly, and sixty days in the case of quarterly and other accounts. * * *

"Sec. 13. Before transmission to the department of the treasury, the accounts of * * * marshals, * * * made out and approved as required by law, * * * shall be sent with their vouchers to the attorney general and examined under his supervision." 28 Stat. 162.

This amendment, then, provides that no suit, under the act of 1887, shall be brought unless the provisions of the act of 1894 shall have been first complied with. In view of the fact that no person, bringing the suit under said act of 1887, prior to 1894, could have known of the requirements of the act of 1894, congress cannot be supposed to have intended that the amendment should apply to suits brought before the passage of said act of 1894. It is therefore reasonable to conclude that congress intended to provide for cases to be brought after the passage of the amendment of 1894. Inasmuch as the amendment of the first section must be construed to apply only to suits brought after a certain date, and inasmuch as there is no reason why the line should be arbitrarily drawn, and as the party who had brought suit prior to 1894 would not be in fault because of his own failure to comply with the provisions of said act of 1894, and especially as certain of the essential conditions precedent of the act of 1894 are beyond the control of the claimant, it is only reasonable to apply to said second section the same rule of interpretation, especially in view of the manifest injustice resulting from a contrary interpretation. In Parsons v. Circuit Judge, 37 Mich. 287, where an amendment adopted more than 20 years after the passage of an act provided that actions on judgments "heretofore rendered" should be brought within 10 years after entry thereof, it was held that the word "heretofore" meant only before the passage of the amendment. In support of this view, the familiar rule of construction and interpretation may be invoked, that an amendment to a statute is not to be so applied as to defeat the plain intent of the legislature in amending it. Black, Interp. Laws, 357. The principle which is controlling in every doubtful case where it is applicable is forcibly stated in U. S. v. Heth, 3 Cranch, 399, where Mr. Justice Patterson said:

"Words in a statute ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satis-

fied. This rule ought especially to be adhered to when such a construction will alter the pre-existing situation of the parties, or will affect or interfere with their antecedent rights, services, and remuneration, which is so obviously improper that nothing ought to uphold and vindicate this interpretation but the unequivocal and inflexible import of the terms and the manifest intention of the legislature."

The opinions of the different justices in said case are instructive upon the question herein. The case was one where, by a change in the law, the compensation of revenue officers on account of duties "arising on goods imported was reduced, and the question was whether the reduced compensation applied to goods heretofore or hereafter imported." They took the ground that, where an individual has performed services under the expectation of a certain compensation, it could not have been the intention of the legislature to defeat such reasonable expectation suggested by the laws of the United States; that the phrase, "arising on goods imported," might mean either heretofore or hereafter imported; that the latter meaning should be preferred, because consistent with the principles of natural justice, because the words should be taken more strongly "contra proferentem," and because, where a government has once adopted a certain rule of justice for its conduct, it is fair to infer, in the absence of clear proof of a contrary intention, that it will thereafter follow the same rule. See, also, Griffin's Case, 11 Fed. Cas. 24. Nothing has been brought to the attention of the court to show that congress intended that the amendment should affect pending suits.

Since writing the foregoing opinion, I have read the opinions of the circuit court of appeals for the Fifth circuit in the case of U. S. v. McCrory, 91 Fed. 295, and of Judge Kirkpatrick in the Third circuit in Fairchild v. U. S., 91 Fed. 297. In view of these decisions, I should feel constrained to revise the opinion already expressed, except for the fact that the attention of said judges does not seem to have been called to the effect of the first section of the act in question upon the construction of the second section; and, furthermore, because the repealing act referred to in Re Hall, 167 U. S. 38, 17 Sup. Ct. 723, cited in said opinions, specifically provided that "all proceedings pending shall be vacated, and no judgment heretofore rendered in pursuance of said act shall be paid." 29 Stat. 669. The insertion of said language in said act, and the omission thereof from the act of 1898, seem to have a direct bearing upon the question herein. The motion is denied.