### UNITED STATES v. KELLY.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1899.)

No. 425.

COURTS—ACT DECREASING JURISDICTION—EFFECT ON PENDING SUITS.

Act June 27, 1898, amending Act March 3, 1887, § 2, which gave circuit and district courts jurisdiction concurrent with the court of claims of actions on claims against the United States, by adding thereto a proviso that such jurisdiction should not extend to cases brought to recover fees, salary,. or compensation for official services of officers of the United States, in effect repealed, without a saving clause, the grant of jurisdiction in such cases contained in the original act, and operated to deprive circuit and district courts of jurisdiction in pending cases, and the circuit courts of appeals of power to proceed further in proceedings pending therein for the review of judgments previously rendered in such cases.

In Error to the Circuit Court of the United States for the District of Oregon.

Marshall B. Woodworth, for the United States.

J. N. Teal, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The judgment of the circuit court in this case was reversed on writ of error from this court, and the cause was remanded for a new trial. 89 Fed. 946. After the mandate had issued, it was discovered that before this court had rendered its decision congress had passed the act of June 27, 1898, abridging the jurisdiction of the circuit and district courts in certain classes of cases brought against the United States. A motion is now made on behalf of the defendant in error for an order recalling the mandate, upon the ground that this court was, by the said act, deprived of its jurisdiction over the case. The act referred to is entitled "An act to amend sections one and two of the act of March third, eighteen hundred and eighty-seven, Twenty-Fourth Statutes at Large, chapter three hundred and fifty-nine." Section 2 of the act reads as follows:

"That section two of the act aforesaid, approved March third, eighteen hundred and eighty-seven, be, and the same is hereby, amended by adding thereto at the end thereof the following: 'The jurisdiction hereby conferred upon the said circuit and district courts shall not extend to cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof.' "

The question arises whether the act deprives the courts of the United States of jurisdiction of causes which were pending at the time of its enactment. The plaintiff in error invokes the well-set-

tled rule that a prospective operation of a statute is presumed to be intended unless the legislative intent to the contrary is declared, or necessarily implied, either from the words of the statute or from the circumstances which attended its enactment. In the circuit court of appeals for the Fifth circuit, in U. S. v. McCrory, 33 C. C. A. 515, 91 Fed. 295, it was held that the effect of the statute was to deprive the courts of the United States of jurisdiction to entertain pending cases. The same view of the statute was taken by Kirkpatrick, district judge, in Fairchild v. U. S. (C. C.) 91 Fed. 297; but in Strong v. U. S. (C. C.) 93 Fed. 257, it was held by Townsend, district judge, that the act was not intended to affect pending cases. The supreme court in a series of decisions has recognized the doctrine that, when jurisdiction of a cause depends upon a statute, the repeal of the statute without a reservation as to pending cases deprives the court of all the jurisdiction which the act conferred. Insurance Co. v. Ritchie, 5 Wall. 541; Ex parte McCardle, 7 Wall. 506; Ex parte Yerger, 8 Wall. 85; Railroad Co. v. Grant, 98 U. S. 398; Sherman v. Grinnell, 123 U. S. 679, 8 Sup. Ct. 260; In re Hall, 167 U. S. 38, 17 Sup. Ct. 723. In Railroad Co. v. Grant it was held that the jurisdiction conferred upon the supreme court by section 847 of the Revised Statutes, which enacted that no cause should be removed from the supreme court of the District of Columbia to the supreme court of the United States by appeal or writ of error, unless the matter in dispute should be of the value of $1,000 or upwards, was taken away by the act of February 25, 1879, which enacted that a judgment or decree of the supreme court of the District might be re-examined in the supreme court of the United States "where the matter in dispute, exclusive of costs, exceeds the value of $2,500," and repealed all prior laws inconsistent with the act. The court dismissed the writ of error, which had been sued out on December 6, 1875, to reverse a final judgment of the supreme court of the District where the matter in dispute was $2,250. In Sherman v. Grinnell the question presented to the court was whether or not the jurisdiction of the supreme court to entertain an appeal from an order of a circuit court remanding to the state court a case which had been removed therefrom was repealed by the act of March 3, 1887, which declared that no appeal or writ of error from the decision of the circuit court so remanding such cause should be allowed. It was held that an order remanding the cause under the act of March 3, 1875, made and entered before the act of March 3, 1887, went into effect, was not appealable to the supreme court. The court said, referring to the act of 1875:

"The provision of that act giving the jurisdiction was repealed by the act of 1887 without any reservation as to pending cases. * * * As a consequence of this, the repeal operated to take away jurisdiction in cases where the order to remand had been made, but no appeal or writ of error taken, because, 'if a law conferring jurisdiction is repealed without a reservation as to pending cases, all such cases fall within the law.'"

The doctrine was reaffirmed by the court in Re Hall, supra, where the court said:

"The effect of the passage of the repealing act was to take away the jurisdiction of the court of claims to proceed further in those cases which were founded upon the act thus repealed. This the congress had power to do."

We are unable to discover how a law which amends the act whereby jurisdiction was conferred differs from a repealing act such as the acts considered in the decisions above referred to. Such an amendment is, in effect, a repeal. It repeals pro tanto the grant of jurisdiction. It revokes a portion of the jurisdiction which was conferred. There is nothing in the language of the act in question to indicate a purpose to except from its operation cases which were then pending. In the absence of such a reservation, the intention of congress is clear. It is that the statute shall read as amended, and as if it had been so enacted in the first instance. As amended, the statute expresses the measure of the court's power over pending cases. The right to sue the United States upon a claim such as that which is involved in this case was conceded for the first time by the act of 1887. The United States, by that act, consented to be sued in certain specified classes of cases involving a limited amount. The power to retract its consent to be sued is not disputed. The amendment of June 27, 1898, does not, in terms, affect the jurisdiction of the United States circuit courts of appeals. It relates only to the jurisdiction which had been conferred by the act of March 3, 1887, upon the district and the circuit courts, but its effects extend to all of the courts of the United States. This court has no power to review the judgment of the circuit court in a matter of which the latter has been devested of its jurisdiction. This court can act upon the circuit court only through its mandate. It will not issue its mandate to a court which has no power to enforce it. Hunt v. Palao, 4 How. 589; McNulty v. Batty, 10 How. 72; Preston v. Bracken, Id. 81; U. S. v. McCrory, 33 C. C. A. 515, 91 Fed. 295. The argument that the construction which we place upon the act will in some cases lead to harsh results is one that would have persuasive force if the language of the act left its meaning doubtful. In view of the settled construction which has been placed upon similar legislation, it must be presumed that, in omitting a saving clause as to pending suits, congress intended all the results of its act, and that it had in view the possible exercise of its own power to grant relief in cases in which the dismissal of pending causes and the intervention of the statute of limitation might result in hardship. The motion for an order recalling mandate will be allowed, the judgment of this court set aside, and the writ of error dismissed.