## UNITED STATES v. MAXWELL et al.

(District Court, N. D. Georgia, E. D.   February 20, 1923.)

No. 140.

1. **Post office ⬳7(2)—Delay in auditing postmaster's account does not extend time to sue sureties on his bond.**

A petition against a postmaster and his sureties alleging that his account was checked and default therein discovered more than three years before the suit was brought, but that it was finally audited and settled less than three years before the suit was brought, does not state a cause of action against the sureties under Rev. St. § 3838 (Comp. St. § 7197), requiring a suit on a postmaster's bond to be instituted three years after the closing of the account, since the sureties cannot be held bound for an indefinite time by indefinitely postponing the auditing.

2. **Post office ⬳2—Limitation of statutes on bonds does not repeal special limitation affecting bonds of postmaster.**

Rev. St. § 3838 (Comp. St. § 7197), which required suit on the bond of a postmaster to be brought within three years to hold the sureties thereon liable, was not impliedly repealed by Act Aug. 8, 1888, § 2 (Comp. St. § 3292), requiring suits upon the official bonds of any officer chargeable with public money, to be instituted within five years to hold the sureties liable, since the latter act is a general statute manifestly intended to cover cases not otherwise provided for and, in the absence of a repealing clause, is not repugnant to the special provision so as to repeal it by mere implication.

3. **Post office ⬳7(2)—Petition against postmaster on bond held sufficient.**

A suit against the postmaster for the breach of his bond which alleged the time, manner, and substance of the breaches sufficiently to enable him to defend, was sufficient as against the principal, since the duty of accounting was upon him, and the details of the account would be better expected from him than from the United States.

At Law.   Suit on bond by the United States against Leonard F. Maxwell, as principal, and E. V. Cash and another, as sureties.   On demurrers to petition.   Demurrers sustained as to sureties, and petition dismissed as to them, and demurrers overruled as to principal.

Clint W. Hager, U. S. Atty., and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga.

Hamilton Kimzey, of Athens, Ga., for defendants.

SIBLEY, District Judge.   The petition filed July 27, 1922, asserts that on March 30, 1917, Maxwell, as principal, with Cash and Brown, as sureties, made bond to the United States as a postmaster, which was approved April 19, 1917, by the Postmaster General; that Maxwell continued to be postmaster until August 15, 1918, and on August 18, 1918, was indebted to the United States as shown by exhibited statement of his accounts as finally audited and settled on March 11, 1922, under section 305 of the Act of June 10, 1921 (42 Stat. 24), providing the National Budget System.   The bond was exhibited, demand and refusal to pay and a breach averred.   Defenses of limitation and indefiniteness are made by demurrer.

Revised Statutes, § 3838 (Comp. St. § 7197), is as follows:

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If on the settlement of the account of any postmaster it shall appear that he is indebted to the United States and suit therefor shall not be instituted within three years after the closing of such account, the sureties on his bond shall not be liable for such indebtedness."

[1, 2] The fair meaning of the petition is that Maxwell ceased to be postmaster on August 15, 1918, and that his account was checked on August 18th by the Postal Department and the default discovered, though no final audit was made until March 11, 1922. Such being the facts, the account was closed within the meaning of this section on August 18, 1922. It cannot be that by postponing a final audit of the account indefinitely, that Congress intended that the sureties might be held bound for an indefinite time. This action is barred as to them unless, as contended by the government, R. S. § 3838, is repealed by the Act of August 8, 1888 (25 Stat. 387). This act, by its title, purports to be one "requiring notice of deficiency in accounts of principals to be given to sureties upon bonds of  *  *  *  officials and fixing a limitation of time within which suit shall be brought against said sureties upon said bonds." Section 1 (Comp. St. § 3291), providing for the notice, expressly enacts that failure to give it shall not discharge a surety. So the absence from this petition of an allegation of notice is not important. Section 2 (section 3292) reads:

"That if, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, by the accounting officers of the treasury, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of such account, the sureties on his bond shall not be liable for such indebtedness."

Under the maxim, "Nullum tempus occurrit regi," many official bonds prior to this act were unaffected by any statute of limitation. A marshal's bond was sought to be enforced after 33 years in Harvey v. United States, 97 Fed. 452, 38 C. C. A. 267, the only case found in which the act of 1888 has been dealt with. It was there held to be not retroactive and inapplicable. The term "official of the United States" is broad enough to cover all cases of appointment provided for under article 2, § 2, of the Constitution. Letter carriers have been held to be officers of the United States. United States v. McCrory, 91 Fed. 295, 33 C. C. A. 515; Croves v. Borden, 169 N. C. 8, 84 S. E. 1042, L. R. A. 1917A, 228, Ann. Cas. 1917D, 316. Certainly a postmaster is an officer, and his bond well within the general terms employed in this act. There is no repealing clause. We have therefore a clear case where special provision as to limitation had already been made for sureties on a postmaster's bond, followed by a general provision capable of covering them, along with others who before had not been provided for, with no purpose expressed to repeal the special provision.

"It is a canon of statutory construction that a later statute, general in terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of said earlier statute. In other words, where there are two statutes, the earlier special and the later general, the terms of the general being broad enough to include the matter provided for in the special, the fact that one is special and the other general creates the presump-

tion that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special." Rodgers v. United States, 185 U. S. 83, 87, 22 Sup. Ct. 582, 583 (46 L. Ed. 816).

See, also, Washington v. Miller, 235 U. S. 422, 428, 35 Sup. Ct. 119, 59 L. Ed. 295.

These two statutes may well consist, the notice required under section 1 of the Act of 1888 being due to sureties on all official bonds and the limitation of section 2 applying to all save those which, like postmasters' bonds, have already been provided for; or perhaps both limitations might exist together, reliance being had on whichever was found available. The general statute is clearly not one in which Congress was seeking to remodel, codify, or simplify the law by making an all-embracing provision. On the contrary, Congress was curing an omission in the law by general words, in oversight, perhaps, of the incomplete provisions already existing, and certainly with no express intention of repealing them. R. S. § 3838, was treated as the limitation applicable to defaults occurring in the years from 1891 to 1895, in United States v. Norton, 107 Fed. 412, 46 C. C. A. 387. It is accordingly held that the suit is barred by R. S. § 3838, and is to be dismissed as to the sureties.

[3] The remaining demurrers are not good as to the principal. The suit is not one upon an open account, but for the breach of a bond. The time, manner, and substance of the breaches sufficiently appear to enable him to defend. The duty of accounting was upon him and details concerning the account would better be expected from him than from the United States. As to the principal, Maxwell, the demurrers are overruled.

Note.—R. S. § 3838 (Comp. St. § 7197), was retained as section 6397, in H. R. 12, a bill to codify and revise the laws of the United States, which passed the House of Representatives May 15, 1921.