Commonwealth, Appellant, *v.* Gross.

Argued April 16, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Sidney E. Rosenblum,* with him *Andrew T. Park,* District Attorney, *Louis Kaufman,* Assistant District Attorney, *M. Louise Rutherford,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*A. S. Gordon,* for appellee.

OPINION BY RHODES, J., June 30, 1941:

This is an appeal by the Commonwealth from the action of the court below setting aside a summary conviction. On July 19, 1940, defendant was summarily convicted under section 305 of the Act of June 2, 1915, P. L. 736, as reenacted, amended, or further amended by the Act of June 4, 1937, P. L. 1552, 77 PS §501, for his failure to take out workmen's compensation insurance, or to secure an exemption for carrying such insurance from the Department of Labor and Industry of the Commonwealth of Pennsylvania. By the justice of the peace defendant was fined $100 and costs, or was to serve thirty days in jail in lieu thereof. An appeal was allowed to the County Court of Allegheny County; and at the hearing there was a stipulation as to the facts. The order of the court below was: "...... the within information is quashed, defendant is discharged, and restitution of fine and costs awarded. County pay costs." From that order the Commonwealth takes this appeal. See *Com. v. Obenreder,* 144 Pa. Superior Ct. 253, 19 A. 2d 497, 498. By the information defendant was charged with violating section 305 of the Act of June 2, 1915, P. L. 736, as reenacted, amended, or further amended by the Act of June 4, 1937, P. L. 1552,

77 PS §501, in that he employed another in his business without taking out workmen's compensation insurance, or securing an exemption from carrying such insurance.[1] The amendatory Act of 1937 was in force on the date of the alleged violation. The pertinent portion of section 305, as amended, 77 PS §501, provided: "If any employer fails to comply with the provisions of this section with respect to insuring or securing an exemption from insurance ...... such employer, upon conviction thereof in a summary proceeding, shall for every such failure ...... be sentenced to pay a fine of not less than one hundred dollars ($100) nor more than three hundred dollars ($300), and costs of prosecution, and upon failure to pay such fine and costs shall be sentenced to undergo imprisonment for a period of not more than three months." The Act of June 21, 1939, P. L. 520, which further reenacted and amended the Act of June 2, 1915, P. L. 736, as reenacted and amended by the Act of June 4, 1937, P. L. 1552, 77 PS §1 et seq., became effective on July 1, 1939, more than eleven months before defendant was arrested, on June 3, 1940, for violating the Act of 1937. Section 305 in the Act of 1939, P. L. 520, 77 PS §501, provides in part: "If any employer fails to comply with the provisions of this section [with respect to insuring or securing an exemption from insurance], such employer shall be guilty of a misdemeanor, and, upon conviction thereof for every such failure, shall be sentenced to pay a fine of

---

[1] Section 305 of the Act of June 2, 1915, P. L. 736, as reenacted, amended, or further amended by the Act of June 4, 1937, P. L. 1552, 77 PS §501, contained, inter alia, the following: "Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance." This provision is the same in the Act of June 21, 1939, P. L. 520, 77 PS §501.

not less than one hundred dollars ($100) nor more than five hundred dollars ($500), and costs of prosecution, or imprisonment for a period of not more than six months, or both, at the discretion of the court."[2]

Commonwealth's position seems to be that the legislature, in passing the Act of June 21, 1939, P. L. 520, intended to continue the provisions of section 305 of the Act of June 2, 1915, P. L. 736, as reenacted, amended, or further amended by the Act of June 4, 1937, P. L. 1552, 77 PS §501, in full force and effect at least to the extent of permitting prosecution for violations which occurred while the Act of 1937 was in force.

In disposing of the Commonwealth's claim, the court below said: ". . . . . . by changing the nature of the offense to one of higher penal significance and increasing both fine and imprisonment that might be imposed against one found guilty of violation, the provisions of section 305 of the Act of 1939 are repugnant to and inconsistent with those of the Act of 1937 . . . . . . This being true, the defendant could not be prosecuted on June 3, 1940, under the provisions of an act of assembly that was then not in existence."

The Act of 1939 contains no express repeal of the Act of 1937. Section 504 of the former act in part reads: "All other acts and parts of acts inconsistent with the provisions of this act are hereby repealed." This general repealing clause does nothing more than state what would be the effect of the statute without such a clause as all inconsistent acts and parts of acts would be repealed by implication. *Com. v. Meyers*, 290 Pa. 573, 585, 139 A. 374.

In so far as the Act of 1939 is a reenactment of the Act of 1937 it is a continuance of that act (*Com. v. Beattie*, 93 Pa. Superior Ct. 404, 412; *Com. v. Mc-*

---

[2] This provision is the same as that in section 305 of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 26, 1929, P. L. 829, §2.

*Namara,* 93 Pa. Superior Ct. 267, 272), but in so far as the Act of 1939 is in conflict with the Act of 1937 it is a repeal of the Act of 1937. In other words, if two acts which cover the same subject matter are repugnant in any of their provisions, the latter operates to the extent of the repugnancy as a repeal of the former (*Nusser v. Com.,* 25 Pa. 126; *United States v. Tynen,* 11 Wall. 88, 92, 78 U. S. 88, 20 L. Ed. 153, 154) ; and it is not necessary that the later act contain a provision expressly repealing the prior act or parts thereof (*Johnston's Estate,* 33 Pa. 511, 515; *Chase v. United States,* 256 U. S. 1, 9, 41 S. Ct. 417, 65 L. Ed. 801, 807). See, also, *Bosack v. Schuylkill County et al.,* 311 Pa. 157, 159, 165 A. 393; *Kent v. United States,* 73 F. 680, 682; *United States v. Kelly,* 97 F. 460; 16 Corpus Juris §§33, 34; 22 C. J. S., Criminal Law, §27.

In *Nusser v. Com.,* supra, the statutory facts were these: The Act of April 14, 1851, authorized a summary conviction by a justice of the peace, and the imposition of a fine of $50 for selling liquors on the Sabbath day within the County of Allegheny. The Act of February 25, 1855, imposed the same penalty for the same offense committed anywhere within the state, but directed that the penalty be recovered "before any mayor, alderman, burgess or justice of the peace, as debts of like amount are now by law recoverable in any action of debt, brought in the name of the Commonwealth ......" The Supreme Court, in holding that the latter act repealed the former, said (25 Pa. 126, at page 127) : "The chief difference between the two statutes is in the remedy for the recovery of the penalty. The first is by summary conviction, in which the defendant is deprived of the right of appeal and the trial by jury. The last is by action of debt, in which he is entitled to both. ...... The Act of 1855, *in addition to the penalty of fifty dollars,* to be collected by *action of debt,* authorizes the offense to be punished by *indictment, fine,* and *imprisonment.*"

An examination of section 305 in the Act of 1937 and of section 305 in the Act of 1939, 77 PS §501, leads to no other conclusion than that they covered the same subject, but in material respects their provisions are different, and the one is not the equivalent of the other. There is no continuity because there was no reenactment of the portion of section 305 in the Act of 1937, with which we are concerned, in section 305 in the Act of 1939. By the Act of 1939 there has been a change in the degree of the offense, in the jurisdiction, and in the punishment prescribed. The Act of 1937 provided for prosecution in a summary proceeding, and upon conviction a fine of not less than $100 nor more than $300 and costs of prosecution, and, upon failure to pay such fine and costs, imprisonment for a period of not more than three months. The Act of 1939 made the offense a misdemeanor, and upon conviction provides for imposition of a fine of not less than $100 nor more than $500 and costs of prosecution, or imprisonment for a period of not more than six months, or both, at the discretion of the court. From these differences it clearly appears that the provision in the Act of 1937 giving jurisdiction to a justice of the peace or magistrate in this type of case was not reenacted in the Act of 1939, but by this act the offense was made a misdemeanor, and a defendant has the right of a trial by jury. This was clearly the intent of the legislature. See *Mountain v. Com.*, 68 Pa. Superior Ct. 100; *Allen v. Com.*, 77 Pa. Superior Ct. 244. It must therefore be concluded that the justice of the peace had no jurisdiction summarily to convict defendant after the effective date of the Act of 1939.

"The [United States] Supreme Court in a series of decisions has recognized the doctrine that, when jurisdiction of a cause depends upon a statute, the repeal of the statute without a reservation as to pending cases deprives the court of all the jurisdiction which the act

conferred. [*Merchants'*] *Insurance Co. v. Ritchie*, 5 Wall. 541 [18 L. Ed. 540]; *Ex parte McCardle*, 7 Wall. 506 [19 L. Ed. 264]; *Ex parte Yerger*, 8 Wall. 85 [19 L. Ed. 332]; [*Baltimore & Potomac*] *Railroad Co. v. Grant*, 98 U. S. 398 [25 L. Ed. 231]; *Sherman v. Grinnell*, 123 U. S. 679, 8 Sup. Ct. 260 [31 L. Ed. 278]; In re *Hall*, 167 U. S. 38, 17 Sup. Ct. 723 [42 L. Ed. 69]": *United States v. Kelly*, supra, 97 F. 460, at page 461.

In *Com. v. Beattie*, supra, 93 Pa. Superior Ct. 404, at page 412, we said: "The repealed statute, in regard to its operative effect, is considered as if it had never existed except as to matters and prosecutions passed and closed." In *Com.* [*Scranton City*] *v. Rose*, 60 Pa. Superior Ct. 458, at page 462, we also said: "It is well settled that all proceedings which have not been determined by final judgment, are wiped out by a repeal of the act under which the prosecution for the offense took place."

An act which reenacts and amends an earlier act whereby jurisdiction is conferred upon another tribunal does not differ from a repealing act. Such a reenactment and amendment giving jurisdiction to another body is, in effect, a repeal. It repeals pro tanto the grant of jurisdiction which was conferred by the former act. When we turn to section 305 in the Act of 1939 we find nothing in the language to indicate a purpose to preserve for summary proceedings those violations which occurred before the effective date of the Act of 1939, but which had not been prosecuted at the time that act became effective. The statute contains no provision or saving clause calculated to reserve jurisdiction under such circumstances. In the absence of such a reservation the statute shall be read as reenacted and amended, and as if it had been so enacted in the first instance. See *United States v. Kelly*, supra, p. 462. *Com. v. Meyers*, supra, cited by the Commonwealth, represents a different situation, and is not controlling in this respect.

The Commonwealth refers to section 503 of the Act of 1939, 77 PS §1023, and argues that it may be construed as a saving clause, and that it may be assumed that the legislature thereby meant to save to litigants any right of action which had accrued before the Act of 1939, either civilly or criminally. That section provides, inter alia, as follows: "Nothing in this act shall affect or impair any right of action which shall have accrued before this act shall take effect ......" It suffices to say that this provision refers to a civil right of action and not to a criminal prosecution.

It is our opinion, as it was of the court below, that when the Act of 1939 became effective there was no offense remaining under section 305 in the Act of 1937 for a justice of the peace to punish in a summary proceeding.

The order of the court below is affirmed.