## UNITED STATES v. ARTHUR et al.
### No. 1013.

District Court, S. D. Florida,
Tampa Division.

Nov. 27, 1946.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for the United States.

McKay, MacFarlane, Jackson & Ferguson, of Tampa, Fla., for defendant Standard Accident Ins. Co., etc.

DE VANE, District Judge.

The facts in this case are not in dispute. They are covered by a Stipulation and need to be only briefly summarized. Mrs. Alethea P. Arthur, one of the defendants named, but who is not before this Court, was duly appointed acting Postmaster at Bradenton, Florida to succeed her husband, after his death. She took office on November 24, 1936 and furnished bond in the sum of $24,000.00 with the defendant, Standard Accident Insurance Company of Detroit, Michigan, as surety.

Prior to the time Mrs. Arthur took offic, one Clarence E. Dickey was employed as Postal Savings Clerk and continued to act in such capacity through the period of her term and into the term of her successor, until June 11, 1941. While so employed, Clarence E. Dickey, embezzled approximately $18,000.00 of Postal Savings Funds. $12,697.50 was embezzled during Mrs. Arthur's term of office. After applying the bond of Clerk Dickey and the Retirement Fund due him, the balance due

was $9,451.70, which is the amount sought to be recovered by this suit.

When the defalcations were discovered in June, 1941, the Post Office Department, through R. A. Ward, Post Office Inspector, promptly notified the bonding company of the defalcations, advising it that a complete audit was being made and that as soon as the audit was completed the bonding company would be advised as to the exact amount of the defalcations and the amount of its liability upon Mrs. Arthur's bond. On June 22, 1942 Post Office Inspector Ward, by direction of the Third Assistant Postmaster General, notified the bonding company of the total amount of the defalcations and the amount of its liability upon Mrs. Arthur's bond and demanded $9,451.70, the net amount of the defalcations. To this letter was attached a statement showing, in detail, the defalcations of Postal Savings Clerk, Dickey.

Under date of August 4, 1943, the General Accounting Office, Postal Accounts Division, mailed to the bonding company a "statement of differences—quarterly account" showing the total amount embezzled by Postal Savings Clerk, Dickey, during the term of office of Mrs. Arthur, and the net amount due, corresponding in both gross and net with the demand made upon the bonding company by the Post Office Department in its letter of June 22, 1942.

The only question presented is whether, under the facts above set forth, the action is barred by the Statute of Limitations. Two subsidiary questions are presented, the disposition of which will determine the main question.

■ The first subsidiary question presented is whether this action is controlled by 6 U.S.C.A. § 5, the Five Year Statute of Limitations, or Section 3838 of the Revised Statutes, 39 U.S.C.A. § 40, the Three Year Statute of Limitations. The Government contends that the Five Year Statute is applicable, while the defendant bonding company contends the Three Year Statute is applicable. This question is foreclosed so far as this Court is concerned. Senior Circuit Judge Sibley, when he was United States District Judge for the Northern District of Georgia, in United States v. Maxwell, 286 F. 740, held that the Five Year Statute of Limitations did not repeal the Three Year Statute of Limitations applicable to defalcations in the Post Office Department, and his holding in this respect was affirmed in the same case under title of United States v. Cash, 5 Cir., 293 F. 584. The decision in the above case is binding upon this Court and the Court holds the Three Year Statute of Limitations applicable in this case.

■ The second subsidiary question presented is whether the Statute of Limitations began to run with the demand made upon the bonding company by Ward, as Post Office Inspector, under the direction of the Third Assistant Postmaster General, dated June 22, 1942, or whether the Statute was placed in operation by the notice from the General Accounting Office to the surety, under date of August 4, 1943. As this Court construes the Opinion of the Supreme Court in Globe Indemnity Co. v. United States, 291 U.S. 476, 54 S.Ct. 499, 78 L.Ed. 924, this question has also been decided adversely to the contention of the Government. While that case arose under the Heard Act, 40 U.S.C.A. § 270, the reasoning of that case in holding that "final settlement" of the account there in question resided in the Department having charge of the contract, is even more applicable to the historical background of the legislation controlling this controversy. The Three Year Statute of Limitations was enacted before the Five Year Statute of Limitations and was made applicable only to the Post Office Department. The authority to make "settlement of the account of any postmaster" resided in the Post Office Department before the Budget and Accounting Act was passed, 31 U.S.C.A. §§ 1, 2, 11, 13–24, 41–58, and if it is the law that the Three Year Statute of Limitations is still in effect, despite the later enactment of the Five Year Statute of Limitations, it must also be the law that the Post Office Department is the Department clothed with the authority to make settlement of the account of a Postmaster and make demand upon the surety for any sum due by reason of defalcation in the account of a Postmaster. If the Budget and Accounting Act

left this authority with the heads of other Departments, as the Supreme Court held it did, in the case of Globe Indemnity Co. v. United States, supra, it certainly left the authority with the Post Office Department, one of the oldest Government Departments and the one first vested by Congress with the authority to make settlement of the account of any Postmaster. This is not a case where the Department concerned declined to settle the account and referred it to the General Accounting Office for settlement. Moreover, the statement rendered by the General Accounting Office under date of August 4, 1943, shows on its face that it was nothing more than a quarterly statement rendered after the account had been settled.

The demand made upon the bonding company by Ward, Post Office Inspector, under the direction of the Third Assistant Postmaster General, dated June 22, 1942, fixed the date when the Statute of Limitations began to run. This suit was instituted more than three years subsequent to that date. The Court holds that this action is barred by the Three Year Statute of Limitations, R.S. § 3838. A Judgment in favor of the defendant will be entered accordingly.