SCHOOL BOARD MEMBER MAY NOT ALSO BE POSTMASTER OR MAIL CARRIER Pursuant to the provision of the United States Postal System Act (39 U.S.C.A. 101 et seq.) a postmaster and/or mail carrier continues to hold an appointed position of trust and thereby is not eligible to serve as a school board member while retaining his position of postmaster and/or rural mail carrier in compliance with 51 O.S. 6 [51-6] (1961) and Article II, Section 12 of the Oklahoma Constitution. The Attorney General is in receipt of your letter dated March 16, 1971, wherein you ask the following question: "Since the U.S. Postal Department is not, at present, under the political appointive system, would a postmaster or a rural mail carrier now be eligible to become a school board member?" ANALYSIS AND DISCUSSION: Title 39 U.S.C.A. 101 et seq. establishes as an independent establishment of the executive branch of the government, the United States Postal Service which shall be operated as a basic and fundamental service provided to the people by the government of the United States authorized by the Constitution created by act of Congress and supported by the people. The United States Postal Service is governed by a Board of Governors composed of eleven (11) members nine (9) of which are appointed by the President, the remaining two being the Postmaster General and his Deputy who are appointed by the Board of Governors. Title 39 U.S.C.A. 1001 provides that the Postal Service shall appoint all officers and employees of the Postal Service, and those so appointed to Postal Career Service shall be a part of the Civil Service. Title39 U.S.C.A. 1008 provides that any person, when engaged in carrying mail under contract with the Postal Service or employed by the Postal Service, is deemed a carrier or person entrusted with the mail and having custody thereof Title 51 O.S. 6 [51-6] (1961) provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding an office, under the laws of the state. . ." Article II, Section 12 of the Oklahoma Constitution provides as follows: "No member of Congress from this State, or person holding any office of trust or profit under the laws of any other state, or the United States, shall hold any office of trust or profit under the laws of this State." As early as July 14, 1938, and as recent as April 25, 1968, seven (n Attorney General opinions have been issued pertaining to the mail carrier question and two (2) pertaining to the Postmaster question. It has been the gist of these opinions that a member of a school board holds an office of trust under the laws of the State of Oklahoma. Therefore, a Postmaster and/or rural mail carrier may not serve as a member of a school board concurrently, because of the appointment and trust nature of his federal position pursuant to United States v. McCrory, 91 Fed. 295 (5th Cir. 1899), and reference to the provisions as hereinbefore cited from the new Postal System Act, all elements supporting such prohibition remain valid and in force. A copy of Attorney General Opinion 68-176 dated April 25, 1968, of which is incorporated by reference and thereby made a part of this opinion, is attached hereto for your information. OPINION It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Pursuant to provisions of the United States Postal System Act (39 U.S.C.A. 101 et seq.) a postmaster and/or mail carrier continues to hold an appointed position of trust and thereby is not eligible to serve as a school board member while retaining his position of postmaster and/or mail carrier in compliance with 51 O. S. 6 (19610 and ArticleII, Section 12 of the Oklahoma Constitution. (Larry L. French) (Dual Office Holding, Postal Worker, Mail Carrier) ** SEE: OPINION NO. 76-168 ** ** SEE: OPINION NO. 79-041 (1979) **