58

Commonwealth *v.* Lapinsky, Appellant.

Argued March 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*W. J. Krencewicz,* for appellant.

*Charles A. Bressi, Jr.,* with him *Joseph Holochuck,* and *Richard B. Russell,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 24, 1975:

Appellant was indicted and convicted by a jury of violating Section 624(6)[1] of The Vehicle Code which makes it unlawful for a person to operate a motor vehicle upon the highway after his operating privilege has been suspended or revoked. Appellant's sole contention is that the court which convicted him, a court of common pleas, lacked jurisdiction due to an amendment of the penalty provisions of Section 624 which became effective between the time appellant was indicted and the time he went to trial.

At the time appellant was indicted the penalty provisions of Section 624 provided the following for a violation of Section 624(6):

"Any person violating any of the provisions of clause (5), (6) or (7) of this section, shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions,[2] be sentenced to pay a fine of not less than one hundred dollars ($100.00) and not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not

---

1. Act of April 29, 1959, P.L. 58, § 624, as amended by Act of August 27, 1963, P.L. 1353, §1, 75 P.S. §624(6).

2. Both this act and the amendatory act, set out hereinafter, refer to "a court of quarter sessions." The constitutional revision of 1968 abolished the courts of quarter sessions and vested its jurisdiction in the courts of common pleas. Pa. Const. Art. 5, Schedule § 4.

more than three (3) years, or suffer both such fine and imprisonment."[3]

When appellant went to trial the above provisions had been replaced by the following:

"Any person violating any of the provisions of clauses (6) or (7) of this section for the first offense, shall, upon summary conviction thereof, be sentenced to pay a fine of not less than one hundred dollars ($100.00) or more than two hundred dollars ($200.00) and costs of prosecution, or to undergo imprisonment for not more than two (2) months, or both."[4]

On the basis of this change appellant argues that not only was the offense changed from a misdemeanor to a summary conviction, but also the tribunal having jurisdiction to try the offense was changed to a magistrate; and, since the amendatory act contained no saving clause or reservation as to pending prosecution, a court of common pleas had no jurisdiction to try and convict him. This argument appears convincing when one looks only to the above paragraph of the amendatory act; however, when the entire amendatory act is studied, a basic flaw in the argument becomes obvious. Therefore the entire amendatory act is set forth as follows:

"Penalty.—Any person violating any of the provisions of clause (1), (2), (3) or (4) of this section, shall, *upon summary conviction before a magistrate,* be sentenced to pay a fine of fifty dollars ($50.00) and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days.

---

3. Act of April 29, 1959, P.L. 58, § 624, as amended by Act of August 27, 1963, P.L. 1353, § 1, 75 P.S. § 624.

4. Act of April 29, 1959, P.L. 58, § 624, as amended by Act of August 27, 1963, P.L. 1353, § 1, as amended by Act of May 26, 1972, P.L. 313, No. 84, § 1, effective July 25, 1972, 75 P.S. § 624 (Supp. 1974).

"Any person violating any of the provisions of clause (8) of this section, shall, *upon summary conviction before a magistrate,* be sentenced to pay a fine of one hundred dollars ($100.00) and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than twenty (20) days.

"Any person violating any of the provisions of clauses (6) or (7) of this section for the first offense, shall, *upon summary conviction thereof,* be sentenced to pay a fine of not less than one hundred dollars ($100.00) or more than two hundred dollars ($200.00) and costs of prosecution, or to undergo imprisonment for not more than two (2) months, or both.

"Any person violating any of the provisions of clause (5) of this section or clauses (6) or (7) for a second or subsequent offense, shall be guilty of a misdemeanor, and shall, *upon conviction thereof in a court of quarter sessions,* be sentenced to pay a fine of not less than two hundred dollars ($200.00) and not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment." [Emphasis supplied.] [5]

As can be seen the first two paragraphs of the amendatory act contain the phrase, "upon summary conviction before a magistrate." In these paragraphs it is clear that a magistrate, not a court of common pleas, is the proper forum in which to try the offenses listed in those paragraphs. The last paragraph is equally clear in specifying "upon conviction thereof in a court of quarter sessions." But the third paragraph, the one which controls the instant case, is not so specific as the other three paragraphs. The question then becomes why would the legislature be so very specific in three paragraphs yet not

---

5. *Ibid.*

specify a forum for the offenses listed in the third paragraph. The only logical answer, and we must assume the legislature to be logical, is that the offenses listed in the third paragraph are summary offenses which can be tried *either* before a magistrate or a court of common pleas.[6] This is the only logical reading which can be given to the amendatory act. Had appellant's offense fallen under the first two paragraphs his argument might have been successful, but we need not decide that now because appellant's offense fell under the third paragraph and under such paragraph the court of common pleas maintained jurisdiction.[7]

Accordingly, the judgment of sentence of the court below is affirmed.

---

6. It is clear that a court of common pleas has the authority to try a summary conviction in that the constitutional revision of 1968 states that the court of common pleas has "unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const. Art. 5, § 5.

7. Appellant places great reliance on the case of *Commonwealth v. Gross*, 145 Pa. Superior Ct. 92 (1941). That case is not controlling in that it concerned the situation in which the proper forum for a certain offense was changed. As is pointed out, in the instant case the court of common pleas maintained its jurisdiction as to violations of Section 624(6).